# In the United States Court of Federal Claims

No. 09-291 T
(Filed: July 28, 2010)

```
*************************************
ESTATE OF DAVID RUBINSTEIN,          *
                                     *
                Plaintiff,           *
                                     *
v.                                   *
                                     *
THE UNITED STATES,                   *
                                     *
                Defendant.           *
*************************************
```

### RULING ON DEFENDANT'S MOTION FOR EXTENSION OF THE DISCOVERY PERIOD

This tax refund cases arises as a result of a decedent's alleged overpayment of income taxes on his 2001 income tax return.  According to plaintiff, the decedent's estate, the decedent suffered from a mental and physical disability at the time he filed his return and was unaware of the overpayment.  Therefore, plaintiff contends that the statute of limitations for filing a refund claim was suspended pursuant to 26 U.S.C. § 6511(h).  The court must determine whether plaintiff's claim is time-barred.

During the course of discovery, several disputes have arisen.  In its June 9, 2010 order, the court deferred ruling upon defendant's motion to compel and noted plaintiff's willingness to provide formal and complete responses to defendant's discovery requests.  It also noted that, "to the extent that the discovery deadlines set forth in the court's March 10, 2010 order require modification, the parties should file an appropriate motion."  On June 24, 2010, defendant filed a status report apprising the court that "[t]he documents provided by plaintiff appear responsive to defendant's request," Def.'s Status Report 1, and that it intended to move for an extension of the discovery period.  Defendant's original motion to compel, therefore, is **DENIED AS MOOT**.

Presently before the court is defendant's June 25, 2010 motion for extension of the discovery period ("motion for enlargement"), wherein it notes that it apprised the court during oral argument related to its motion to compel that it intends to depose plaintiff's executor and conduct any additional discovery that might be necessary.  Defendant seeks a ninety-day enlargement to the discovery period to allow it to conduct the deposition of Joel Rubinstein, executor of decedent's estate, and obtain any follow-up discovery arising from Mr. Rubinstein's

deposition. Def.'s Mot. 2. Plaintiff opposes defendant's motion for enlargement.[1]

According to plaintiff, defendant had ample opportunity to depose Mr. Rubinstein over the course of several months and elected not to do so. As such, plaintiff accuses defendant of "stalling and dragging out this case, at Plaintiff's expense." Pl.'s Opp'n 2. But see Def.'s Reply 2 (admitting that "it would not have been practicable for defendant to depose [Mr. Rubinstein] before receiving a comprehensive response to its discovery request"). Plaintiff also claims that the parties' previous discovery dispute did not preclude defendant from deposing Mr. Rubinstein because "[t]he dispute over the production of documents had nothing to do with the deposition of Joel." Pl.'s Opp'n 3. Moreover, plaintiff asserts, Mr. Rubinstein's deposition would not lead to any admissible evidence because 26 U.S.C. § 6511(h)(A)(2) and the procedures contained in Revenue Procedure 99-21 set forth clear requirements for a taxpayer to establish disability. Id. at 3-4. But see Def.'s Reply 2 (arguing that Mr. Rubinstein "prepared the decedent's tax return and presumably handled the winding down of the decedent's financial affairs," had knowledge of the items on the decedent's tax return, and his testimony would encompass facts that "directly bear on whether the decedent was financially disabled"). Plaintiff also notes that defendant had been granted one prior extension to the discovery period.

The court determines that none of plaintiff's objections is persuasive. First, defendant's decision to await receipt of plaintiff's responses to its discovery requests and then depose Mr. Rubinstein is entirely reasonable. Plaintiff's untimely, incomplete, and intermittent responses to defendant's discovery requests precluded defendant from proceeding with Mr. Rubinstein's deposition until all documents were received. It is clear from the record that defendant contacted plaintiff on numerous occasions to resolve ongoing discovery disputes. Then, in the closing hours of discovery, defendant moved to compel production of documents, and only thereafter did plaintiff comply with defendant's discovery requests. Defendant will not be penalized for plaintiff's failure to respond to discovery requests.

Moreover, to depose Mr. Rubinstein prior to the receipt of those materials and then move the court for leave to reopen his testimony does not, under the circumstances presented in this case, comport with Rule 1 of the Rules of the United States Court of Federal Claims ("RCFC"), which requires that the court apply its rules in order "to secure the just, speedy, and inexpensive determination of every action and proceeding." Indeed, defendant could be the subject of criticism if its counsel approached the deposition of witnesses in a piecemeal fashion by seeking

---

[1] After briefing on defendant's motion for enlargement concluded, plaintiff, on July 26, 2010, filed an Application for a Protective Order Limiting the Scope of Discovery ("motion for protective order"), moving the court to "exclude any discovery on the issue [of] David Rubinstein's mental or physical condition prior to his death." Pl.'s Application Protective Order Limiting Scope Disc. 1. Its motion for protective order was filed "in direct response to interrogatories recently served on Plaintiff by Defendant" that "seek discovery of information and evidence of David Rubinstein's mental or physical condition prior to his death in order to refute the certified medical statement of Dr. Robert H. Blee." Id.

to reopen testimony each time plaintiff produced documents. It is clear that government counsel requires specific documents prior to the deposition of Mr. Rubinstein. Consequently, it is irrelevant that Mr. Rubinstein made himself available for deposition on prior occasions. The fact remains that plaintiff had not responded to defendant's discovery requests and defendant did not possess necessary information and documentation to ascertain what testimony it would need from Mr. Rubinstein at the various times he made himself available to government counsel.

Although obvious, the court notes two critical components to defendant's ability to conduct an effective deposition: (1) the presence of the witness; and (2) possession of all pertinent documents. Here, plaintiff argues the mere presence of the witness should suffice. That position is untenable. Documents, including the financial records supporting the income stated and deductions claimed by the decedent's estate are critical to defendant's ability to evaluate the accuracy of the federal income tax return. The court will not disadvantage defendant for adopting a more pragmatic approach given the circumstances it encountered.

Second, plaintiff's position that deposition testimony obtained from Mr. Rubinstein will not likely lead to admissible evidence runs afoul of the court's discovery rules:

> <u>Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense</u>–including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. <u>Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.</u>

RCFC 26(b)(1) (emphasis added). Relevant evidence is defined as evidence "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Defendant is entitled to obtain testimony from Mr. Rubinstein concerning his knowledge of the items on the decedent's tax return and the decedent's financial activities, particularly since such testimony is reasonably related to the statute of limitations issue and whether the decedent was disabled. Mr. Rubinstein's strained personal relationship with the decedent does not shield this information from discovery. Moreover, plaintiff could have moved for a protective order precluding Mr. Rubinstein's testimony. It did not and instead emphasizes the extent to which Mr. Rubinstein made himself available to testify.

Although they have differing theories about this case and views on the applicable law, both parties are entitled to develop their cases and avail themselves of all forms of discovery that are permitted under the rules of the court. An extension of the discovery period in order to afford defendant the opportunity to obtain testimony from Mr. Rubinstein is appropriate. Accordingly, for the reasons stated above, the court **GRANTS** defendant's motion for enlargement. Discovery

shall close by no later than **Friday, October 22, 2010**.[2]

    **IT IS SO ORDERED.**

                                              s/ Margaret M. Sweeney
                                              MARGARET M. SWEENEY
                                              Judge

---

[2] Once it adjudicates plaintiff's motion for protective order, the court shall determine whether any further enlargements to the discovery period are warranted.